# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MAURICE RAMSEY ) | |
| ) | |
| v. ) | No: 05 C 6765 |
| ) | Judge John W. Darrah |
| UNITED STATES OF AMERICA ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Maurice Ramsey, seeks a certificate of appealability, following the denial of his Petition for a Writ of *Habeas Corpus* by this Court on December 12, 2006.[1]

## BACKGROUND

Petitioner was charged in a fourteen-count indictment with uttering counterfeit securities in violation of Title 18, United States Code, Section 513(a). On the day of trial, Petitioner pleaded guilty to two counts of uttering counterfeit securities. At the time of his guilty plea, Petitioner was represented by defense counsel, Robert Clark. Petitioner then moved, pursuant to § 2255, to challenge his sentence on the grounds that his trial counsel was ineffective. Ramsey argued that his counsel failed to effectively communicate with him, which resulted in adverse

---

[1] The Court construes the Petitioner's Notice of Appeal as seeking a certificate of appealability.

1

consequences to Petitioner's case.[2] Specifically, the Petitioner sought an evidentiary hearing on these grounds.

On September 15, 2006, a limited evidentiary hearing was granted solely with respect to whether Petitioner's trial counsel told Petitioner that he would be entitled to a suppression hearing even if Petitioner entered a blind plea of guilty. The Federal Defender Panel was appointed to represent the Petitioner in the evidentiary hearing.

On December 6, 2006, an evidentiary hearing was held. Petitioner and Attorney Clark testified. On that same date, the Court denied the Petitioner's Section 2255 Motion.

## ANALYSIS

Seventh Circuit Rule 22(b) states: "In a *habeas corpus* proceeding in which detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a district judge issues a certificate of appealability under 25 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue . . . ." Seventh Cir. Rule 22(b). Petitions for writs of *habeas corpus* may be dismissed on procedural grounds, or a court can reach the merits of the petitioner's claims. "Where a district court has rejected the constitutional claims on the merits, the showing

---

[2] Following his guilty plea, Petitioner appealed to the Seventh Circuit, which vacated this Court's judgment as to the restitution amount owed by Petitioner. In response to Petitioner's 2255 Motion, the Government conceded Petitioner was entitled to have the order of restitution modified to comport with the remand order; and the Court did so. Petitioner does not seek a certificate of appealability regarding this.

2

required to satisfy § 2253(c) is . . . [that] the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

With regard to Petitioner's ineffective assistance of counsel claims, reasonable jurists would not find the Court's assessment of those claims debatable. Petitioner failed to present any credible evidence that his trial counsel's failures would have altered the outcome of the criminal proceeding against him.

## CONCLUSION

For the foregoing reasons, Petitioner's application for a certificate of appealability is denied.

Dated: August 7, 2007

JOHN W. DARRAH
United States District Court Judge